UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWIN YOBANI ENAMORADO,<br><br>Plaintiff,<br><br>v.<br><br>POLLY KAISER, et al.,<br><br>Defendants. | Case No. 25-cv-04072-NW<br><br>**ORDER GRANTING MOTION FOR TEMPORARY RESTRAINING ORDER AND SETTING BRIEFING SCHEDULE AND HEARING**<br><br>Re: ECF No. 3 |

On May 12, 2025, Plaintiff Edwin Yobani Enamorado ("Plaintiff" or "Mr. Enamorado") brought suit against Polly Kaiser, in her official capacity as Acting San Francisco Field Office Director of U.S. Immigration and Customs Enforcement ("ICE"), Todd M. Lyons, in his official capacity as Acting Director of ICE, Kristi Noem, in her official capacity as the Secretary of the U.S. Department of Homeland Security ("DHS"), and Pamela Bondi, in her official capacity as Attorney General of the United States (collectively, "the Government"). ECF No. 2. Mr. Enamorado asks the Court, pursuant to Federal Rule of Civil Procedure 65(b), for a temporary restraining order ("TRO") enjoining the Government from re-detaining him pending a further order of this Court. Mot. for Temporary Restraining Order, ECF No. 3 ("Mot.").

**I.    BACKGROUND**

Mr. Enamorado is a forty-two-year-old man, who was born in Honduras, and is married to Yesmin Herrara Cruz, with whom he has four children. Mot. at 2. Mr. Enamorado was "[t]errified that he and his family would be killed" by MS-13 gang members so they fled Honduras and entered the United States on December 13, 2018. *Id.* at 5. The family was briefly kept and then released from immigration detention, but Mr. Enamorado was held due to a 2003 removal order that was reinstated. *Id.* "On January 15, 2019, an asylum officer determined that

[Mr. Enamorado] had a reasonable fear of persecution or torture if he returned to Honduras and he was referred to an Immigration Judge to apply for withholding of removal." *Id.* at 5-6. On July 8, 2019, the Immigration Judge granted Mr. Enamorado's release from custody after posting a $8,000 bond; the Immigration Judge found that Mr. Enamorado "was neither a danger to the community nor a flight risk." *Id.* at 6. On April 12, 2022, an Immigration Judge granted Mr. Enamorado withholding of removal under 8 U.S. Code § 1231(b)(3). *Id.* Plaintiff, who now lives in Martinez, California, with his family, reports that for nearly six years he has not had any touches with the criminal justice system, and has worked diligently as the sole provider for his family by running a landscaping business. *Id.* at 1-2. On August 23, 2022, an Immigration Judge in San Francisco granted asylum to Plaintiff's wife and children, and they became lawful permanent residents of the United States on September 17, 2024. *Id.* at 6.

On April 10, 2025, ICE sent a letter to Mr. Enamorado's bond obligor demanding that he report to ICE's offices in San Francisco, California on May 14, 2025, at 8:00 a.m. for an "interview." *Id.* at 3. Mr. Enamorado explains that he is "terrified" that ICE will detain him during this "interview" and try to remove him to a third country consistent with the Government's "internal directive," which has been reported in the news and evidenced by the "the arrest and detention of at least nine other individuals similarly situated to Mr. Enamorado." *Id.*; Decl. of Heliodoro Moreno, Jr., ¶ 14, Exs. A, C, D, E, M, ECF No. 2-1 ("Moreno Decl.") (declarations of lawyers representing clients who have been detained, and the related DHS internal directive).

**II.    DISCUSSION**

Courts use the same standard for issuing a temporary restraining order as that for issuing a preliminary injunction. *See Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017) ("[T]he legal standards applicable to TROs and preliminary injunctions are substantially identical." (internal quotation marks and citation omitted)). An injunction is a matter of equitable discretion and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Resources Def. Council, Inc.*, 555 U.S. 7, 22 (2008).

A plaintiff seeking preliminary injunctive relief must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Id*. at 20.  Courts may still issue a preliminary injunction if a "plaintiff can only show that there are serious questions going to the merits – a lesser showing than likelihood of success on the merits," if the balance of equities "tips sharply in the plaintiff's favor" and the plaintiff establishes that they are likely to suffer irreparable harm and that an injunction is in the public interest. *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014) (internal quotation marks and citations omitted).[1]

Although very few circumstances justify the issuance of an *ex parte* temporary restraining order, based on the Court's review of Plaintiff's motion, allegations in the complaint, and relevant authorities, the Court finds that Mr. Enamorado has met the requirements for an emergency *ex parte* TRO pending further briefing from the parties and a hearing before the Court.

The Court is satisfied that Mr. Enamorado has demonstrated that there are serious questions going to the merits of his claims under the Due Process Clause, and has further established that he is likely to succeed on the merits. The Due Process Clause of the Fifth Amendment prohibits the Government from depriving individuals of their life, liberty, or property, without due process of law.  U.S. Const. amend. V.  In particular, "[f]reedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). "These protections 'appl[y] to all "persons" within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent,' and to immigration detention as well as criminal detention." *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017) (citing *Zadvydas*, 533 U.S. at 693).

Mr. Enamorado was granted withholding of removal under 8 U.S. Code § 1231(b)(3) in 2022, has been in the United States subject to bond since 2019; he alleges that he has complied

---

[1] Where, as here, the Government is a party, the last two *Winter* factors merge. *See Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014).

with the law consistently during that time. Moreno Decl. ¶ 4. The Court has no information to suggest that Mr. Enamorado is unlikely to appear for any scheduled immigration related proceedings, nor does Mr. Enamorado appear to pose any risk to the public. In light of those considerations, the Court is not aware of any reason why the Government would detain or remove Mr. Enamorado, particularly during the scheduled May 14, 2025 "interview." Should Mr. Enamorado be detained, "[i]t is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)). As such, and in an abundance of caution, the Court temporarily enjoins the parties from deviating from the status quo until the parties' rights can be fully briefed and presented at oral argument.

The Court finds that the balance of equities tips in Mr. Enamorado's favor, and a temporary injunction is in the public interest. In the context of immigration detention, "the government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by a lesser bond or alternative conditions." *Hernandez*, 872 F.3d at 994. Here the balance of equities favors maintaining the status quo and enjoining the Government from detaining Mr. Enamorado for a short period, until the matter can be fully briefed by both parties. Under the limited circumstances of this case, and because the TRO should not result in any financial damage to the Government, the Court waives the requirement that Plaintiff give an amount of security.

### III.    CONCLUSION

Plaintiff argues that he should not be required under Civil Local Rule 65-1(a)(5) to give notice to the Government because "the act of giving notice to Respondent ICE may result in Mr. Enamorado's re-arrest, which is the very action that Mr. Enamorado is seeking to avoid." Moreno Decl. ¶ 12; *see also* Fed. R. Civ. P. 65(b)(1). However, Plaintiff did issue summons of the complaint as to Defendants. ECF No. 7. In addition, as noted above, the Court requires briefing and argument from the Government to determine whether the TRO should be maintained. The Court ORDERS Plaintiff to serve Defendants with a copy of this Order by May 13, 2025, at 5:00

4

p.m.

The Court GRANTS Plaintiff's motion for a TRO to preserve the status quo pending further briefing and a hearing on this matter. The Court shall hold an in-person hearing on **Wednesday, May 21, 2025, at 9:00 a.m.** Defendants shall file a response to Plaintiff's motion by no later than May 15, 2025, at 5:00 p.m. Plaintiff shall file a reply by no later than May 19, 2025, at 5:00 p.m.

IT IS FURTHER ORDERED as follows:

1) Defendants, and all their officers, agents, servants, employees, attorneys, successors, assigns, and persons acting in concert or participation with them are hereby ENJOINED and RESTRAINED from re-arresting and re-detaining Mr. Enamorado prior to a further Order of this Court, including during, or after, the hearing on Wednesday, May 21, 2025, on grounds related to his immigration status.

2) Plaintiff must continue to comply with any DHS or ICE directive, including reporting for the May 14, 2025 interview.

3) No security bond is required under Federal Rule of Civil Procedure 65(c).

4) This Order shall remain in effect until the earlier of Wednesday, May 22, 2025, at 5:00 p.m., or further Order of this Court.

**IT IS SO ORDERED.**

Dated: May 12, 2025

Noël Wise
United States District Judge