UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWIN YOBANI ENAMORADO,<br><br>Plaintiff,<br><br>v.<br><br>POLLY KAISER, et al.,<br><br>Defendants. | Case No. 25-cv-04072-NW<br><br>**ORDER GRANTING TEMPORARY RESTRAINING ORDER**<br><br>Re: ECF No. 18 |

Before the Court is Plaintiff Edwin Yobani Enamorado's motion for leave to file an amended habeas petition and complaint and motion for a temporary restraining order ("TRO"). Mot. for Leave, ECF No. 17; Amended Mot. for Temporary Restraining Order, ECF No. 18. The Court considered the parties' briefs, the relevant law, and the arguments offered by counsel at the July 16, 2025 hearing, and GRANTS Plaintiff's motions.

## I.   PROCEDURAL BACKGROUND

On May 12, 2025, Plaintiff brought suit and filed a motion for a TRO against Polly Kaiser, in her official capacity as Acting San Francisco Field Office Director of U.S. Immigration and Customs Enforcement, Todd M. Lyons, in his official capacity as Acting Director of ICE, Kristi Noem, in her official capacity as the Secretary of the U.S. Department of Homeland Security, and Pamela Bondi, in her official capacity as Attorney General of the United States (collectively, "Defendants" or the "Government"). ECF Nos. 2, 3.

On May 12, 2025, the Court granted Plaintiff's first motion for a TRO to preserve the status quo pending further briefing and a hearing on this matter. ECF No. 8 ("May 12, 2025 Order"). Among other relief, the Court enjoined and restrained Defendants from re-arresting and re-detaining Plaintiff on grounds related to his immigration status prior to a further order of this

Court or prior to (including during, or after) the hearing date. *Id*. The parties subsequently stipulated to further extensions of the briefing schedule and continuations of the hearing date, while maintaining the terms of the May 12, 2025 Order, which the Court granted. ECF Nos. 11-14.

## II.     JULY 2025 MOTION FOR TRO

The Court assumes familiarity with the facts of this case and with the May 12, 2025 Order, which the Court incorporates by reference. The Court focuses here on the changes in circumstances since the May 12, 2025 Order.

After Plaintiff filed his first complaint, Defendants rescheduled Plaintiff's "interview" with ICE to May 28, 2025. Amend. Mot. for TRO at 3. On May 28, 2025, Plaintiff's "bond was cancelled and he was placed on an order of supervision." *Id*. Plaintiff is scheduled to report to ICE's offices in San Francisco, California on May 27, 2026. *Id*.

On July 3, 2025, Plaintiff filed a motion for leave to file an amended habeas petition and complaint (Plaintiff also filed the proposed amended pleading), and a new motion for a TRO, to address the new events related to his case as well as to address developments in the law since the United States Supreme Court's June 23, 2025 decision in *Dep't of Homeland Sec. v. D.V.D.* 2025 WL 1732103.

On July 16, 2025, the Court held a hearing on Plaintiff's pending motions. During the hearing, Defendants agreed that Plaintiff poses no danger to the community and that he is not a flight risk. Defendants indicated that while they currently are not aware of any intent to deport or detain Plaintiff, the Government would like an opportunity to file an updated declaration from a government representative who can testify on behalf of the agency and its intentions related to the immigration status of Plaintiff, and can therefore bind the Government accordingly. The Court granted leave to file an updated declaration in support of Defendants' opposition.

The Court additionally ordered supplemental briefing from Defendants regarding (i) why Plaintiff's bond was revoked; (ii) the import and relevance of *Jama v. Immigr. & Customs Enf't*, 543 U.S. 335 (2005) on this case; (iii) the specific due process Mr. Enamorado is owed should the government initiate removal proceedings; and (iv) whether there is updated policy guidance from

2

the Department of Homeland Security regarding third country removals and its application here, and if there is such guidance, the legal import of that guidance, including which statutory provisions (or law), if any, the guidance interprets.

At the hearing, the Court granted Plaintiff's motion for leave and accepted the amended habeas petition and complaint as already filed (*see* ECF No. 16). The parties stipulated to the issuance of a new TRO based on Plaintiff's amended complaint, and agreed to maintain the terms of the May 12, 2025 Order pending further supplemental briefing and a hearing.

In addition to the parties' stipulation, the Court finds that the requirements for issuing a new TRO pursuant to Fed. R. Civ. Pro. 65(b) are met. The circumstances that justified a TRO on May 12, 2025, have not materially changed. The Court finds that a TRO is warranted because "serious questions going to the merits" of Plaintiff's claims exist and the balance of hardships tips sharply in Plaintiff's favor. *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014). As noted above, the Government agrees that Plaintiff poses no flight risk and no risk to the public. Defendants additionally agree that they are not aware of any intent to detain or remove Plaintiff, though they will file an updated declaration in support of that assertion. As in the May 12, 2025 Order, the Court temporarily enjoins the parties from deviating from the status quo until the parties' rights can be addressed with further supplemental briefing and oral argument.

## III. CONCLUSION

The Court GRANTS Plaintiff's motion for leave to file an amended complaint and petition. ECF No. 17. Defendants shall file a response by August 1, 2025.

Defendants are ORDERED to file supplemental briefing. The parties stipulated to a briefing schedule: Defendants shall file a supplemental brief by August 1, 2025, and Plaintiffs shall file a reply by August 15, 2025.

The Court GRANTS Plaintiff's motion for a TRO to preserve the status quo pending further briefing and a hearing on this matter. The Court shall hold a hearing via videoconference on **Tuesday, August 19, 2025, at 9:00 a.m.**

IT IS FURTHER ORDERED as follows:

1) Defendants, and all their officers, agents, servants, employees, attorneys, successors,

3

assigns, and persons acting in concert or participation with them are hereby ENJOINED and RESTRAINED from re-arresting and re-detaining Mr. Enamorado prior to a further Order of this Court, including during, or after, the hearing on Tuesday, August 19, 2025, on grounds related to his immigration status.

2) Plaintiff must continue to comply with any DHS or ICE directive.

3) No security bond is required under Federal Rule of Civil Procedure 65(c).

4) This Order shall remain in effect until the earlier of Tuesday, August 19, 2025, at 5:00 p.m., or further Order of this Court.

**IT IS SO ORDERED.**

Dated: July 17, 2025, at 9:45 a.m.

Noël Wise
United States District Judge